## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NEBRASKA BEEF, LTD.,** ) | | |
| a Nebraska Limited Partnership, ) | | |
| ) | | |
| Plaintiff, ) | | 8:09CV107 |
| ) | | |
| vs. ) | | ORDER |
| ) | | |
| **ADVANCED FOOD COMPANY, INC.,** ) | | |
| an Oklahoma Corporation, ) | | |
| ) | | |
| Defendant. ) | | |

This matter is before the court on the defendant's Motion to Transfer Case to the United States District Court for the Western District of Oklahoma (Filing No. 7). The defendant filed a brief (Filing No. 9) and an index of evidence (Filing No. 8) in support of the motion. The plaintiff filed a brief (Filing No. 14) and an index of evidence (Filing No. 15) in opposition to the defendant's motion. The defendant filed a brief (Filing No. 16) and an index of evidence (Filing No. 17) in reply.

## BACKGROUND

The plaintiff filed the instant action on March 23, 2009, in the United States District Court for the District of Nebraska. **See** Filing No. 1 Complaint. On May 4, 2009, the defendant filed the motion to transfer venue. **See** Filing No. 7. The defendant seeks to move the action to the United States District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. § 1404(a). The defendant contends this action is related to a case filed in Oklahoma on October 24, 2008. Further, the defendant argues the plaintiff's claims are compulsory counterclaims that must be litigated with the Oklahoma case. Finally, the defendant asserts the matter should be transferred in the interests of the parties, the witnesses, justice, and judicial economy. The plaintiff opposes the transfer.

This action arises based on the contractual relationship between the parties. Following is a summary of the allegations contained in the plaintiff's complaint. The plaintiff is a Nebraska limited partnership with its principal place of business in Omaha, Nebraska. **See** Filing No. 1 Complaint ¶ 1. The plaintiff slaughters and processes cattle

for sale to distributors and others, including the defendant.  *Id.* ¶ 5.  The defendant is an Oklahoma corporation with its principal place of business in Enid, Oklahoma.  *Id.* ¶ 2.  The defendant manufactures, distributes, and sells packaged food products.  *Id.* ¶ 6.  The plaintiff alleges the defendant breached seven oral contracts by failing to pay for goods sold by the plaintiff to the defendant.  *Id.* ¶ 7.  The plaintiff states the defendant received the products, but failed to pay the invoices totaling $260,617.95, during the period August 4, 2008, to September 12, 2008.  *Id.* p. 9.  Based on these allegations, the plaintiff also asserts a claim for unjust enrichment.  *Id.* p. 8.

The defendant has not yet filed an answer to the complaint.  However, the defendant submits the following facts in support of the motion to transfer venue.  On June 11, 2008, the parties entered into a Product Warranty, General and Continuing Guarantee, and Indemnification Agreement (June Agreement) regarding food products, packaging, and ingredients the plaintiff offered to sell the defendant.  **See** Filing No. 8 - Ex. 1 Hayden Aff. ¶ 3; Ex. 1 to Hayden Aff. June Agreement.  On June 12, 2008, the plaintiff signed a Specification Sheet from the defendant regarding the quality and characteristics of certain beef products that the defendant was willing to buy from the plaintiff.  **See** *id.* - Ex. 1 Hayden Aff. ¶ 4; Ex. 2 to Hayden Aff. Specification Sheet.  On June 25, 2008, the defendant ordered products from the plaintiff.  **See** *id.* Ex. 3 to Hayden Aff. Purchase Order.  The defendant received the products on July 1, 2009, and paid for the products on July 8, 2009.  **See** *id.* Ex. 1 Hayden Aff. ¶¶ 6-7.  On August 14, 2008, the plaintiff notified the defendant about a product recall for possible *E. coli* contamination affecting the July 1, 2009, shipment.  *Id.* ¶ 8.  On August 15, 2008, the defendant sought additional information about the recall.  *Id.* ¶ 9; Ex. 7 to Hayden Aff.  The plaintiff did not respond to the letter.  *Id.* Ex. 1 Hayden Aff. ¶ 10.  The defendant fully complied with the recall notice incurring losses and expenses of over $700,000.  The plaintiff did not reimburse the defendant for any of these damages.  *Id.* ¶ 12.  Based on these allegations, the defendant asserts ten separate claims, in the Oklahoma case, for relief against the plaintiff stemming from the June Agreement and the recall.  On December 8, 2008, the plaintiff filed an answer denying liability in the Oklahoma case.  The defendant argues the Nebraska case is actually based on the June Agreement, which is already the subject of the Oklahoma

case, rather than separate oral contracts. Moreover, the defendant argues it was justified in failing to pay the amounts sought by the plaintiff in this case because of the events which are the subject of the Oklahoma case.

Additionally, based on the facts, the defendant argues this case should be transferred to the Western District of Oklahoma for the convenience of the parties and witnesses, because the conduct complained of by the plaintiff occurred in Oklahoma, and because the facts at issue in this case are a subset of the facts at issue in the Oklahoma case.  **See** [Filing No. 9](#) - Brief.  The defendant contends this case should not only be transferred, but should also be consolidated with the Oklahoma case.  *Id.* at 13-19.  In support of these contentions, the defendant argues the plaintiff's claims are compulsory counterclaims pursuant to [Fed. R. Civ. P. 13](#).  Further, the defendant asserts transferring this case does not merely shift inconvenience to the plaintiff because the plaintiff must already defend the related action in Oklahoma. Therefore, the defendant contends that under the circumstances of this case, the plaintiff's choice of forum is entitled to little weight.  The defendant argues all other factors are neutral or weigh in favor of transfer. Specifically, the defendant notes the judicial economy and convenience of trying this case with the Oklahoma case.

The plaintiff argues the defendant has failed to meet his burden of establishing a transfer is warranted.  The plaintiff asserts this case does not rise from the same transaction or occurrence as the Oklahoma case because each purchase order was a separate and distinct contract for goods.  The plaintiff denies the June Agreement creates an umbrella under which the two cases belong.  The plaintiff argues the factual and legal bases for each suit are dissimilar.  Specifically, the plaintiff states the contracts at issue in the Nebraska case "are not even remotely implicated in" the Oklahoma case.  **See** [Filing No. 14](#) - Brief p. 10.  Moreover, the plaintiff argues the defendant seeks to shift the inconvenience of trial from the defendant to the plaintiff, when the plaintiff's choice of forum should prevail.  The plaintiff contends the sources of evidence related to the shipment of product are in Nebraska.  *Id.* p. 20.  The plaintiff asserts the witnesses who will testify on its behalf in the Oklahoma case are different from the witnesses who will testify in the Nebraska case, so the existence of the Oklahoma case, alone, does not support transfer.

*Id.* p. 22. Additionally, the plaintiff argues it will suffer additional and unnecessary legal fees associated with having to litigate this lawsuit in Oklahoma. *Id.* Finally, the plaintiff contends the interests of justice weigh in favor of retaining this lawsuit in Nebraska because this lawsuit is less complex than the Oklahoma case, which may take significantly longer to resolve. *Id.*

## ANALYSIS

Title 28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under Eighth Circuit law "[c]ourts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997); **see** *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); 15 Charles Alan Wright, et al. *Federal Practice & Procedure* § 3847 (2d ed. 1986 & 2008 Supp.). As the Supreme Court has explained, "[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart*, 487 U.S. at 29.

The burden of showing the necessity of a transfer under 28 U.S.C. § 1404(a) is substantial and rests on the party seeking the transfer. **See** *Terra*, 119 F.3d at 695-96. Of the factors considered, the plaintiff's choice of forum is given "great weight, and will not be lightly disturbed, especially where the plaintiff is a resident of the judicial district in which the suit is brought." *Estate of Rick v. Stevens*, 145 F. Supp. 2d 1026, 1039 (N.D. Iowa 2001) (citations omitted); **see** *Terra*, 119 F.3d at 695. To carry its burden, the movant must show its inconvenience strongly outweighs the inconvenience the plaintiff would suffer if venue were transferred. *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Id.* (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

In *Terra*, the Eighth Circuit noted a number of factors which are traditionally considered in deciding motions to transfer. *Terra*, 119 F.3d at 696. These factors include "(1) the convenience of the parties, (2) the convenience of the witnesses -- including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Id.* In addition, when evaluating the "interest of justice" portion of § 1404, a court may consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Id.*

The court finds transfer to the Western District of Oklahoma would not be improper because the plaintiff's claims may have been brought in that District and division. Specifically, the defendant's principal place of business is in Enid, Oklahoma, which is located in the Western District of Oklahoma. **See** 28 U.S.C. § 116(c). Additionally, the court finds the defendant has shown that numerous factors favor change of venue in this case such that the factors strongly weigh in favor of transfer. As the movant notes, the events giving rise to this litigation essentially occurred in Oklahoma and many critical witnesses reside in Oklahoma, including the defendant's employees. While there may be a number of witnesses who reside in Nebraska or outside either Nebraska or Oklahoma, the primary witnesses are employees of the parties. The relevant documents, although easily transported, are primarily located in Oklahoma. Importantly, it appears the relative cost of litigation to each party weighs in favor of transfer because the parties are already involved in a lawsuit in Oklahoma. Judicial economy is better served by transferring this case to Oklahoma. Even if the cases are not ultimately consolidated, having the matters resolved in the same forum will increase the probability of consistent results. Moreover, in the interests of justice there are other economies and conveniences for the parties, witnesses, and the court associated with litigating related cases in the same forum. The remaining factors appear to be neutral in terms of venue. Although, the plaintiff's choice of forum was initially Nebraska, the court is persuaded the transfer does not merely shift

inconvenience from one party to the other.  The comparative costs of litigating two related actions in two forums would certainly be greater than litigation in one forum.  This is particularly true here where the defendant contends its defense to the plaintiff's claims is based on the facts associated with the Oklahoma case.  The court finds the balance of interests weighs heavily in favor of transferring the instant action to the United States District Court for the Western District of Oklahoma (28 U.S.C. § 116(c)).  Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion to Transfer Case to the United States District Court for the Western District of Oklahoma (Filing No. 7) is granted.

2. The Clerk of Court shall stay operation of this order for a period of ten (10) business days to permit the parties to file an appeal of this order in accordance with NECivR 72.2.  If such an appeal is filed, the Clerk shall withhold transfer of these matters pending the determination of any such appeal.

3. The above captioned matter is or may be related to pending case ***Advance Food Company, Inc. v. Nebraska Beef, Ltd.***, No. 08CV1139-M, previously filed in the United States District Court for the Western District of Oklahoma.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 17th day of July, 2009.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge